IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | |
|---|---|
| PAUL PARSHALL, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KENTUCKY BANCSHARES, INC., B. PROCTOR CAUDILL, JR., LOUIS PRICHARD, EDWIN S. SAUNIER, HENRY HINKLE, JACK W. OMOHUNDRO, TED MCCLAIN, ROBERT G. THOMPSON, WOODFORD VAN METER, MARY MCDOWELL HOSKINS, SHANNON B. ARVIN, STOCK YARDS BANCORP, INC., and H. MEYER MERGER SUBSIDIARY, INC., <br><br> Defendants. | Case No. |

## NOTICE OF REMOVAL

Defendants Stock Yards Bancorp, Inc., and H. Meyer Merger Subsidiary, Inc., hereby remove this case from the Bourbon Circuit Court for the Commonwealth of Kentucky to this Court. The factual and legal grounds supporting this Notice of Removal are described below.

1. Plaintiff Paul Parshall filed his Verified Class Action Complaint (the "**Complaint**") on April 9, 2021, in the Bourbon Circuit Court for the Commonwealth of Kentucky under Case No. 21-CI-00109.

2. The registered agents for Stock Yards Bancorp, Inc., and H. Meyer Merger Subsidiary, Inc., were served by certified mail with the Summons and Complaint in this matter on April 15, 2021, and April 16, 2021, respectively.

3. This case is being removed in accordance with section 27 of the Securities Exchange Act of 1934, 48 Stat. 992 (the "**Exchange Act**").

4. The Exchange Act mandates exclusive federal jurisdiction over securities violations. In relevant part, it states:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violation of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder ….

15 U.S.C. § 78aa.

5. Section 14(a) of the Exchange Act authorizes the Securities and Exchange Commission ("**SEC**") to regulate the contents of proxy solicitations. *See* 15 U.S.C. § 78n(a). The purpose of section 14(a) "is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation." *J.I. Case Co. v. Borak,* 377 U.S. 426, 431 (1964).

6. Regulation 14a–9 provides, in part:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

17 C.F.R. § 240.14a–9(a).

7. Section 20(a) of the Exchange Act subjects individual directors to liability for material misstatements or omissions in proxy statements under some circumstances, providing that a "person who, directly or indirectly, controls any person liable under any provision of [the Exchange Act] or of any rule or regulation thereunder shall also be liable jointly and severally

2

with and to the same extent as such controlled person to any person to whom such controlled person is liable." 15 U.S.C. . § 78t(a)

8. Plaintiff alleges that Defendant Kentucky Bancshares, Inc. "filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Kentucky Bancshares' stockholders." (Compl. ¶ 63.) Plaintiff further alleges that the "Proxy Statement fails to disclose material information, including financial information and information necessary to prevent the statements contained therein from being misleading." (*Id.* ¶ 93.)

9. Plaintiff's Complaint thus arises under federal law because Defendants' duties and obligations with respect to proxy solicitations are governed by federal law, namely the Exchange Act and its implementing regulations. *See* 15 U.S.C. §§ 78, *et seq.*, 17 C.F.R. §§ 240.01, *et seq.*

10. Section 14(a) of the Exchange Act was adopted specifically to address state corporate law's silence on the issue of corporate communications with shareholders. *See United Hous. Found., Inc. v. Forman*, 421 U.S. 837, 849 (1975) (describing the primary purpose of the Exchange Act as "to eliminate serious abuses in a largely unregulated securities market.").

11. Section 14(a) and Rule 14a-9 of the Exchange Act bar the dissemination of proxy statements that are "false or misleading with respect to any material fact." *See* 15 U.S.C. § 78n(a), 17 C.F.R. § 240.14a-9(a).

12. Although the Complaint does not expressly allege a violation of any specific federal statute or SEC rule related to the Proxy Statement, removal is appropriate because it is clear from the face of the Complaint that the adequacy of the Proxy Statement, a matter governed by federal law, is a central issue in this case. The claims asserted require the resolution of a federal question: whether the Proxy Statement was materially misleading.

13. Plaintiff seeks as part of his relief an order that Kentucky Bancshares file an amended proxy statement. Plaintiff requests an injunction barring the proposed merger of Kentucky Bancshares and Stock Yards Bancorp "unless and until the Company provides all material information to Kentucky Bancshares' stockholders." (Compl., Prayer for Relief ¶ C.) Because proxy solicitations are governed by Section 14(a) of the Exchange Act, a determination of whether Defendants have provided all material information in the original Proxy Statement or any amended proxy statement inherently requires the construction and application of federal law.

14. This Court has supplemental jurisdiction over any state-law claims asserted in Plaintiff's Complaint under 28 U.S.C. § 1367 because those claims are so related to the Exchange Act claim set forth that they form part of the same case or controversy.

15. In the alternative, if the Court determines that Plaintiff has asserted only claims arising under state law, this case may be removed in accordance with the Securities Litigation Uniform Standards Act of 1998 ("**SLUSA**"), Pub. L. No. 105-353, 12 Stat. 3227.

16. SLUSA precludes class actions that assert state law claims based on alleged misrepresentations or omissions made in connection with the purchase or sale of covered securities. By doing so, SLUSA prevents plaintiffs from avoiding the stricter pleading requirements and procedural protections mandated by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and courts are directed to construe SLUSA broadly. *See Merrill Lynch, Pierce, Fenner, & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006).

17. SLUSA's state claim preclusion provision states:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

18. SLUSA expressly provides for the removal of any precluded state law class action. SLUSA's removal provision states: "Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." 15 U.S.C. § 78bb(f)(2).

19. Thus, SLUSA allows removal of any class action that: (1) is a "covered class action"; (2) asserts claims under state statutory or common law; and (3) is based on alleged misrepresentations or omissions made in connection with the purchase or sale of "covered securities." 15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2).

20. This case is a "covered class action," within the meaning of 15 U.S.C. § 78bb(f)(5)(B), because:

> (i) Plaintiff seeks damages on behalf of more than 50 persons or prospective class members, and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; and
>
> (ii) Plaintiff seeks to recover damages on a representative basis on behalf of himself and other unnamed parties similarly situated, and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective

>class predominate over any questions affecting only individual persons or members.

(Compl. ¶¶ 29, 30, 98.)

21. Plaintiff asserts claims based on state common law, specifically: (i) breach of fiduciary duty; and (ii) aiding and abetting breach of fiduciary duty. (*Id.* ¶¶ 85–99.)

22. Plaintiff's claims are based on allegations of misrepresentations and omissions in connection with the purchase or sale of covered securities. Plaintiff alleges that Kentucky Bancshares "filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Kentucky Bancshares' stockholders." (*Id.* ¶ 63.) Plaintiff further alleges that "the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information …." (*Id.* ¶ 64.) Among the alleged material misrepresentations or omissions are Stock Yard Bancorp's financial projections and analyses. (*Id.* ¶¶ 64, 65.)

23. Plaintiff alleges that the omissions or misrepresentations occurred "in connection with the purchase or sale of covered securities." 15 U.S.C. § 78bb(f)(1). The alleged omissions or misrepresentations occurred in connection with a proposed purchase of Kentucky Bancshares' securities by Stock Yards Bancorp. (Compl. ¶ 1.)

24. SLUSA defines "covered security" to mean "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933, at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred …." 15 U.S.C. § 78bb(f)(5)(E). Section 18(b) of the 1933 Act in turn defines "covered security" to include "a security designated as qualified for trading in the national market system pursuant to section 78k-1(a)(2) of this title that is listed, or authorized for

6

listing, on a national securities exchange (or tier or segment thereof)." 15 U.S.C. § 77r (b)(1)(A). Kentucky Bancshares' securities trade on the OTCQX. (Compl. ¶ 11.)

25. There are no applicable exceptions to SLUSA preclusion and removal. 15 U.S.C. § 78bb(f)(3). The proposed purchase of securities will be made by Stock Yards Bancorp, not by the issuer. (Compl. ¶ 2.) Further, the claims against Stock Yards Bancorp and H. Meyer Merger Subsidiary do not concern communications made by or on behalf of the issuer. Instead, Plaintiff alleges that Stock Yards Bancorp and H. Meyer Merger Subsidiary aided and abetted the individual defendants' breaches of fiduciary duty, thereby causing damages to Plaintiff. (*Id.* ¶¶ 97, 98.)

26. Venue is proper in this Court under 28 U.S.C. § 1441 because this case was filed in the Bourbon Circuit Court for the Commonwealth of Kentucky.

27. Defendants have timely removed this case under 28 U.S.C. § 1446(b), because they have filed this Notice of Removal within 30 days after the last Defendant received the Complaint and Summons.

28. All Defendants consent to removal, as reflected by the written consents attached to this Notice as Exhibit 1.

29. Copies of all process, pleadings and orders served on Defendants are attached to this Notice as Exhibit 2.

30. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on Plaintiff and file the Notice with the Clerk of the Bourbon Circuit Court for the Commonwealth of Kentucky, in accordance with 28 U.S.C. § 1446(d).

31. By removing this case from the Bourbon Circuit Court, Defendants do not waive any defenses available to them.

32. By removing this case from the Bourbon Circuit Court, Defendants do not admit any of Plaintiff's allegations in the Complaint.

WHEREFORE, Defendants hereby gives notice that the state court action filed under Case No. 21-CI-00109, now pending in the Bourbon Circuit Court for the Commonwealth of Kentucky, is removed to this Court for all further proceedings.

>
> FROST BROWN TODD LLC
>
> By: /s/Cory J. Skolnick
> Cory J. Skolnick
> 400 West Market Street
> 32nd Floor
> Louisville, KY 40202-3363
> Telephone:   (502) 589-5400
> Facsimile:   (502) 581-1087
> Email:       cskolnick@fbtlaw.com
>
> Attorneys for Defendants -
> Stock Yards Bancorp, Inc., and
> H. Meyer Merger Subsidiary, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, a copy of the foregoing document was served by electronic mail and by first-class United States Mail, postage prepaid and properly addressed to:

W. Edward Skees
THE SKEES LAW OFFICE
415 West First Street
New Albany, IN 47150
ed@skeeslegal.com

/s/Cory J. Skolnick
Cory J. Skolnick

0006408.0728212   4841-8442-2629v1